[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #119
On August 23, 1995, the plaintiff, James Pieger, filed a four count complaint against the defendant, Patriot General Insurance Co. in breach of contract, breach of the implied covenant of good faith and fair dealing, violation of the Connecticut Unfair Insurance Practices (CUIPA), and violation of the Connecticut Unfair Trade Practices Act (CUTPA). The plaintiff alleges that on January 21, 1993, while he was operating an automobile off an I-95 exit ramp in Bridgeport, CT Page 4095-B Connecticut, the automobile was struck in the rear driver's side by an unidentified driver operating an uninsured vehicle, causing the plaintiff to suffer injuries. The plaintiff further alleges that at the time of the collision he was insured under a policy issued by the defendant, and that the defendant has failed to pay underinsured motorist benefits to the plaintiff.
The defendant filed a motion to strike counts three and four of the plaintiff's complaint, alleging violation of CUIPA and CUTPA, on the ground that they are legally insufficient under the holding of the Supreme Court in Mead v. Burns,199 Conn. 651, 509 A.2d 11 (1986), on January 22, 1996.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems v. BOC Group, Inc., supra, 224 Conn. 215.
The defendant contends that pursuant to the holding of Meadv. Burns, 199 Conn. 651, 509 A.2d 11 (1986) the plaintiff has not alleged a general business practice, and therefore, counts two and three are legally insufficient. The plaintiff argues that he has sufficiently alleged a general business practice, and that the defendants motion is procedurally deficient under Practice Book § 154.
The defendant relies on Mead v. Burns, supra, 199 Conn. 651, in which the court held that a single act of insurer misconduct is insufficient to state a cause of action under CUIPA, and further that the same single instance of insurer misconduct is insufficient to support a claim in CUTPA. "In a CT Page 4095-C CUTPA or CUIPA claim, the insurers liability is ordinarily based on its conduct in settling or failing to settle the insured's claim and on its claims settlement policies in general. The factual inquiry focuses, not on the nature of the loss and the terms of the insurance contract, but on the conduct of the insurer. . . . In a CUIPA and CUTPA claim, the insurer's duty stems not from the private insurance agreement but from a duty imposed by statute." (Internal quotation marks omitted.)Heyman Associates No. 1 v. Insurance Co. of Pennsylvania,231 Conn. 756, 790, 653 A.2d 122 (1995). "Section 38-816 (6) prohibits unfair claim settlement practices. Under this section of CUIPA, the claimant must allege and prove facts sufficient to show that the insurer was [c]ommitting or performing [certain specified acts] with such frequency as to indicate a general business practice . . . ." (Internal quotation marks omitted.) Id., 796. "In requiring proof that the insurer has engaged in unfair claim settlement practices with such frequency as to indicate a general business practice, the legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct." (Footnote omitted; internal quotation marks omitted.) Lees v. Middlesex InsuranceCo., 229 Conn. 842, 849, 643 A.2d 1282 (1994).
In the present case the plaintiff has alleged that "[t]he defendant has made it its general business practice by not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonabl[y] clear . . . ." These allegations are merely legal conclusions. The plaintiff has not alleged any facts that show a general business practice on the part of the defendant. Therefore, the plaintiff has not sufficiently alleged a cause of action for violation of CUIPA. Additionally, because the plaintiff's allegations are insufficient to support a "general business practice" under CUIPA, the plaintiff's CUTPA claim cannot survive the failure of his CUIPA claim. Lees v.Middlesex Insurance Co., supra, 229 Conn. 851.
In regard to the plaintiff's procedural argument that the defendant failed to satisfy the requirements of Practice Book § 154, the defendant stated in its motion to strike that under the holding of Mead v. Burns, supra, 199 Conn. 651, counts three and four of the plaintiff's complaint were legally insufficient. Thus, the defendant, under the requirements of Practice Book § 154, sufficiently provided reasons in support of its motion to strike. Moreover, the motion as supplemented by the memorandum CT Page 4095-D of law is sufficient to comply with Practice Book § 154. Rowev. Godou, 209 Conn. 273, 275, 550 A.2d 1073 (1988). Accordingly, the defendant's motion to strike counts three and four of the plaintiff's complaint is granted.
BY THE COURT
MAIOCCO, J.